108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Inocencio DOMINGUEZ-REYES, Defendant-Appellant.
 No. 96-10163.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 1997*
Decided March 10, 1997.
 
 Before: REINHARDT, HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Inocencio Dominguez-Reyes appeals his sentence for being a deported alien found in the United States without permission, in violation of 8 U.S.C. § 1326. We reverse and remand for resentencing.
 
 
 3
 A U.S. border patrol agent found Dominguez-Reyes in California state prison. During an interview, he admitted that he was a Mexican citizen who had previously been deported twice and had reentered the United States without permission. He filled out and signed a written questionnaire containing these admissions. After being indicted for violating 8 U.S.C. § 1326, Dominguez-Reyes moved to suppress his confession. The district court denied his motion. At trial, he testified and admitted his prior convictions, deportations, and entry without permission. He said that he had wanted to testify nonetheless because it was his "duty to talk to you about Jesus Christ." Dominguez-Reyes was convicted. At sentencing, the trial judge followed the presentence report recommendation that he receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). The judge refused to grant an additional one-point reduction under § 3E1.1(b)(1), however.
 
 
 4
 Dominguez-Reyes appeals the failure to grant the additional reduction under § 3E1.1(b)(1). This court has held that if the conditions of that guideline are met, the additional reduction is mandatory. United States v. Eyler, 67 F.3d 1386, 1390-91 (9th Cir.1995). A defendant thus is entitled to the reduction under subsection (b)(1) if he also qualifies for a decrease under subsection (a), the offense level before the operation of subsection (a) at reduction is 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely providing complete information to the government concerning his own involvement in the offense. U.S.S.G. § 3E1.1(b)(1).
 
 
 5
 Despite some apparent misgivings, the district court found that he was entitled to the two-point reduction under § 3E1.1(a), and the government did not object. The pre-reduction offense level was 24. Dominguez-Reyes admitted to all of the elements of the offense during his interview. This constitutes timely assistance to authorities in investigating his misconduct. Neither his subsequent motion to suppress these admissions nor his decision to plead not guilty and force the government to try the case precludes reduction under the guideline. Eyler, 67 F.3d at 1391.
 
 
 6
 The sentence is reversed, and the case is remanded for resentencing.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3